1042 Joseph v. Ocwen Financial Corporation Good afternoon Your Honor. Just wait a minute for the counsel to leave the room. Good afternoon Your Honors. It's a pleasure to be here. My name is George Joseph. I am the Pro Se Plaintiff. Also representing myself regarding a case involving a debt collector and us as being the consumer. First of all, this is my first time but I'll see what I can do. First of all, before I can actually get to the case, I can actually say this, that this case survived at least two motions to dismiss. At least two motions that were filed by the appellees. And I think the lower court erred in even making a decision regarding what it is that she was deciding on. For example, when you look at I think her last order, she made reference to the amended complaint and not the second amended complaint. And so, again, the reason why I think that the errors are the errors made because each time the motions to dismiss were actually filed, they were filed because of the fact that they were alleged missing information, missing facts that according to the appellee, was not sufficient to actually sustain the actual case itself. But each time we bounced back and we completely corrected it and we corrected it to the extent that this case should not have been dismissed. And I'll show you why. Number one, the low court claimed that the April 12, 2018 letter was not actionable. I agree, some of it was not actionable. Some of the contents within that letter was not actionable. But there were things in that letter that actually constituted a risk for claims or several risk for claims were actually alleged within that letter itself. The reason why I say this is because I'm not going to, if your honors want me to give reference to or you can actually look at the reference within argument one itself. But the argument one is so clear that it made mention to the fact that we made allegations that the amount that they actually used. We gave them $50,000 and they misappropriated. They actually used it and actually applied it rather into a higher amount. For example, the mortgage rate was 13.76. They actually deliberately claimed that the mortgage was 14.50 so that they can actually save money and actually pocket money for themselves. So open loan servicing is a completely mess. It's been doing this to a lot of people and it actually continues to do the same thing. Even now we're still struggling to actually get this thing right. So we can look also that the second argument itself. The low court claimed that there was a misconception regarding the letter itself. The low court claimed that it was the only letter that we sent to open loan servicing. And that because of that, it wasn't sufficient. The letter wasn't sufficient, but it's not true. If you look at the letter itself, part of the letter within the subject parts clearly states that the letter was a response to other letters. To other letters that were actually sent to the defendant or to the appellate, excuse me. So the lower court erred in, I'm not saying that, it's so many things happened at that point that certain things, the lower court looked at the letter and claimed that it was just a response. But in reality those were the final response that we were tied at that point. We mailed a final letter to open loan services and stated that, listen, get this thing right. You're pretending not to understand what we're telling you. You're pretending to claim that you did this, you did that with the money that we gave you. But in reality, you're not actually using the money. And you're pretending that we didn't pay you a certain amount of money, that we owe you certain things. And they're playing around with us each time that we request these information. So the third argument was that the lower court claimed that we did not claim actual statutory damages and actual damages. In reality, the original complaint did not claim that. Moreover, possibly, I'm saying possibly, the amended complaint did not state that. But the second amended complaint, which we finally filed and we fought back time after time, actually stated the actual claim damages and also statutory damage. So this is a third argument. Number four argument, or argument that actually, quickly we can go over this, which was the court actually mentioned that there were no causal, there is no causal link, rather, between the damages that occurred and the appellee's alleged violations. That's not true at all. I mean, basically, the damages, the risk of violations themselves were clearly stated that in paragraph 22, it says that had the appellee did what they had to do, that would not have happened to us. Again, while the complaint did not state that, and the amended complaint did not state that, the second amended complaint did contain these facts, which should have been enough to go further so that we can actually go to the actual, we would have passed that pleading at that point. It should not have been dismissed for that reason. At least the second amended complaint should not have been dismissed. The fifth allegation was that, you know, the lower court, again, stated that we did not claim that the loan servicer actually began servicing our loan, you know, prior to it going to default, which is not true. Again, if you look at the, even the amended complaint itself stated that. While the complaint did not state that, and then, of course, the appellee, you know, went after that, we corrected it, at least with the amended complaint and also the second amended complaint. How did you correct that? Yes. So the second amended complaint, I think, alleges that Bachman Loan Servicing became loan servicer on or about June 29, 2005, right? No, that's incorrect. That's incorrect, Your Honor. So what's the correct date? I will give it to you. I'll go into argument number five real quick, and I can show you what was clearly stated within the second. Once again, the lower court overlooked the plaintiff's appellant's second amended complaint, claiming that plaintiff's appellants did not mention that the defendant appellee, or SL, began servicing plaintiff's appellant's loan after the loan went to default. Plaintiff's appellants initially mentioned this within Plaintiff's Appendix 19, Paragraph 1B. There, plaintiff's appellants stated in pertinent parts, in essence, the defendant, as of May 1st, 2006, the defendant was plaintiff's assigned debt collector and the assigned servicer of their loan account. Plaintiff's appellants also mentioned this in Plaintiff's Appendix 23, Paragraph- Wouldn't that mean that the servicer took over the loan at a time after you had signed the forbearance agreement? No, yes. They took over the loan after, that's correct, after we signed the forbearance agreement. Okay. Okay, so, yes. At that time, were you in default under the forbearance agreement, or were you making the payments that the forbearance agreement required? We were making the payments. The record will show that the payments were made. In fact, we've agreed to make an additional $130 to $150 extra every month. And we never defaulted on that. And also, that agreement was only supposed to last for one year. And then we renewed the agreement in 2006. There was an issue in 2005, and we renewed it in 2006, those agreements, and then there was no other defaults since. Thank you. You're okay. Thank you very much. Do you have one more point to make? Yeah, last point I want to make. The lower court also did not comment about arguments number two and arguments number three. Certain theories of recovery, which I don't think is necessary at this point because when you deal with loan services, it's only statutory and I think statutory and actual damage that needs to be concerned with. But I can tell you that they didn't talk about the failure to validate the debt. In other words, they didn't talk about counts two and counts three in our second amendment complaint. Lower court just, they were silent, didn't even mention that. So I would like, we as plaintiffs, we'd like the opportunity for it to be reversed so that we can actually deal with that. Because again, they were silent regarding counts two and count three. No mention of anything within those two counts. It was just like, it's just that the decisions were basically done based on the argument one, two, three, four, five. But again, in all these arguments that I just said before, focus only on the first argument. But nothing dealing with, first count rather. But nothing dealing with counts two and counts three. Okay. Within our amendment. Mr. Joseph, thank you very much. You're welcome. And we have that argument. Yes. Well argued. Thank you. Thank you. It's my first time so I was a little nervous. Well done. Thank you. Thank you. The case is submitted. Thank you. And because that is the last case on our calendar for this morning, we are adjourned. Court stands adjourned.